IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| TRICIA PORTER BIGGERS and<br>KERRY BURLESON ANTHONY, | )<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | |
| v. | ) | No. 3:09-CV-352 |
| AMERIPRISE FINANCIAL SERVICES, INC., | )<br>)<br>) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This civil action is before the court for consideration of the "Motion of Defendant/Counter-Plaintiff/Third-Party Plaintiff for Default Judgment and for Summary Judgment" [doc. 18]. The counter-defendants, Tricia Biggers and Kerry Anthony, and third-party defendant, Tina Wright, have not responded to the motion. For the reasons stated herein, the motion will be granted, and the defendant/ counter-plaintiff/third-party plaintiff, Ameriprise Financial Services, Inc. ("Ameriprise"), will be dismissed.

I.

*Background*

This case originated as a declaratory judgment action in the Chancery Court for Knox County, Tennessee, brought by Tricia Biggers and Kerry Anthony against Ameriprise to prevent Ameriprise from paying their deceased father's retirement plan funds

to his former wife, Tina Wright, who was named the primary beneficiary. Biggers and Anthony were the secondary beneficiaries to the funds. Ameriprise removed the case to this court on the basis of diversity of citizenship. In its answer, Ameriprise asserted a counterclaim against the plaintiffs, Biggers and Anthony, and a third-party claim against Wright, who was not a party to the original lawsuit. The counterclaim and third-party complaint seek interpleader relief. Ameriprise alleged that the competing beneficiaries to the retirement plan funds, to which it disavowed any interest, made it subject to double or multiple recovery. It therefore sought to pay the funds into the court and have the competing beneficiaries interplead their claims, with the court deciding who was the proper recipient of the retirement plan proceeds.

The court granted Ameriprise's motion to deposit the funds at issue into court [docs. 6, 9]. In October 2009, the plan funds were deposited into the court and placed in an interest bearing account.[1]

Ameriprise could not obtain personal service on Wright, so it sought and was granted permission to serve her by publication [docs. 11, 12]. Ameriprise presented proof of service by publication [doc. 14], and because Wright did not answer the complaint, sought entry of default [doc. 15]. The Clerk of the Court entered default against third-party defendant Tina Wright on April 19, 2010 [doc. 17]. Now before the court is Ameriprise's

---

[1] Although Ameriprise's motion and supporting documents do not recite that the funds were deposited with the court, the court verified with the Clerk of the Court that the funds were in fact deposited in October 2009.

motion for default judgment as to Wright. Also before the court is the motion for summary judgment filed by Ameriprise, in which it seeks to be discharged from liability regarding the retirement benefits and to be dismissed from the lawsuit.

II.

*Analysis*

Summary Judgment

Initially, the court notes that Biggers, Anthony, and Wright did not respond to the motion for summary judgment. However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991); *see also Stough v. Mayville Cmty. Schs.*, 138 F.3d 612 (6th Cir. 1998). At a minimum, the court must examine the motion and determine whether the movant has met the initial burden of demonstrating the absence of a genuine issue of material fact. *Carver*, 946 F.2d at 455. The court has performed this examination.

The moving party may discharge its initial burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 323. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence

3

of evidence in support of the non-moving party's case. *Id*. at 325.

## Interpleader

Through its counterclaim against Biggers and Anthony and its third-party complaint against Wright, Ameriprise seeks the remedy of interpleader pursuant to Fed. R. Civ. P. 22. [2] Under Federal Rule of Civil Procedure 22, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). "Interpleader is an equitable proceeding that affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *U.S. v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (internal quotation marks and citation omitted).

> An interpleader action typically proceeds in two stages. During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader. During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial.

*Id*.

The requirements for general diversity jurisdiction have been met pursuant to 28 U.S.C. § 1332. The court has jurisdiction over Ameriprise's interpleader action under

---

[2] The relief sought in the original complaint for declaratory judgment that was removed from state court has been subsumed by the interpleader action, and the court considers that the motion before the court also addresses the original state court complaint.

4

Rule 22. Ameriprise faces exposure to multiple liability to adverse claimants as Biggers and Anthony are the secondary beneficiaries to the retirement funds. The marital dissolution agreement between Joseph Wright, Biggers's and Anthony's father, and Tina Wright indicates that the husband and wife were to take their own retirement plans as their "sole and separate property." Thus, Biggers and Anthony claim that Wright is not entitled to the funds, even if she is named as the primary beneficiary. Last, there are no equitable concerns to preclude interpleader in this case. *Usable Life Co. v. Gann*, No. 1:09-CV-77, 2009 WL 4348588, at *2 (E.D. Tenn. Nov. 24, 2009) (citing *Pan Am. Fire & Cas. Co. v. Revere*, 188 F. Supp. 474, 480 (E.D. La. 1960) ("the only equitable ground necessary for interpleader . . . is exposure to double or multiple vexation")). The court, therefore, finds that interpleader is appropriate in this case.

> When the court decides that interpleader is available . . . it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead. . . .

*Life Ins. Co. of N. Am. v. Simpson*, No. 08-2446, 2009 WL 2163498, at *4 (W.D. Tenn. July 16, 2009) (quotation marks and citation omitted).

Ameriprise has asserted that it has no interest in the funds and has previously deposited them into the court. It should therefore be dismissed. *Gann*, 2009 WL 4348588, at *2 (citing *Sun Life Assur. Co. of Canada v. Thomas*, 735 F. Supp. 730, 732 (W.D. Mich. 1990)).

5

Default Judgment

Ameriprise seeks a default judgment against third-party defendant Wright. Federal Rule of Civil Procedure 55 sets out the procedure for entry of default and default judgment, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The rule requires a two-step process with entry of default being entered first followed by entry of a default judgment. The Clerk of the Court entered default against Wright on April 19, 2010. Wright has not responded to the entry of default nor has she answered or otherwise plead to the third-party complaint. Since she has "failed to plead or otherwise defend," default judgment is appropriate, and the court will grant Ameriprise's motion for default judgment.

Entry of default against Wright also means that she has forfeited any entitlement claim she might have to the retirement benefits. *Usable Life Co. v. Gann*, No. 1:09-CV-77, 2009 WL 4348588 (E.D. Tenn. Nov. 24, 2009). The issue of forfeiting an interest in interpleader funds by default was also addressed in *Federal Insurance Co. v. Adams*, No. 05-cv-00965-MSK-CBS, 2007 WL 1456103 (D. Colo. May 15, 2007). The district court held:

> It has been held that the failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted. A default judgment

> entered against an interpleader defendant thus terminates that party's interest in the fund at issue.

*Id*. at *7 (internal citations and quotation marks omitted). *See also Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.").

Therefore, any interest Wright had in the retirement funds is terminated upon entry of the default judgment. Biggers and Anthony remain as claimants to the funds deposited with the court and need to interplead their claim.

Accordingly, the motion for default judgment and motion for summary judgment filed by Ameriprise will be granted, and Ameriprise will be dismissed from this case. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge